## MOSES CALL *vs.* NATHANIEL M. PIKE.

### Lincoln, 1876.—November 17, 1876.

*Trespass.*

A justice of the peace related within the sixth degree to one of the parties to a cause, is disqualified to take a deposition therein; and is liable in trespass for committing a witness for refusing to testify in such case.

ON EXCEPTIONS.

TRESPASS against a justice of the peace for illegal arrest and imprisonment. The presiding justice ruled that the relationship between the defendant, a justice of the peace, and one of the parties to a cause, which was that of first cousins, did not disqualify the justice from taking a deposition in the cause, and that an action could not be maintained against him for committing the plaintiff, because he refused to testify therein; and the plaintiff alleged exceptions.

*B. F. Smith*, for the plaintiff.

*A. P. Gould & J. E. Moore,* for the defendant.

LIBBEY, J. This is an action of trespass for the alleged illegal arrest and imprisonment of the plaintiff by defendant. The arrest and imprisonment of the plaintiff by warrant issued by the defendant was proved.

The defendant justifies the acts complained of on the ground that they were lawfully done in his capacity as justice of the peace for the county of Lincoln. He alleges that the plaintiff was duly summoned to appear before him on the 21st day of October, 1874, to give his deposition in the case of *Henry P. Cotton* v. *Charles C. Smithwick*, then pending in the supreme judicial court in said county; that the plaintiff refused to appear before him and testify; that he adjourned the taking of his deposition to four o'clock in the afternoon of the same day, and issued a capias and caused him to be arrested and brought before him at the time of adjournment, when he refused to be sworn and testify in the case; that he therefore adjudged him guilty of contempt in refusing to be sworn and to testify, and sentenced him to pay a fine of twenty

dollars therefor, and ordered him committed to jail until he paid said fine and costs of commitment, or should otherwise be discharged according to law; that the plaintiff refused to pay said fine, and he issued his warrant and caused him to be committed to jail in execution of said sentence. These facts were admitted; and it was also admitted that defendant was then a justice of the peace, and that he and Henry P. Cotton, the plaintiff in the suit in which the deposition was to be taken, and at whose request the defendant acted, were cousins, their mothers being sisters.

The facts being admitted, the presiding judge ruled that the relationship between the defendant and said Cotton did not disqualify the defendant from taking the deposition and acting in the premises as alleged, and that the action could not be maintained. The case comes before this court on exceptions to this ruling.

Having caused the arrest and imprisonment of the plaintiff, it is incumbent on the defendant to establish his justification. His counsel maintain that he has done so on two grounds:

I. That the duties of the defendant in taking the deposition, and in doing the acts complained of, are ministerial, and that the relationship of the defendant to the plaintiff in that suit did not disqualify him to act in the premises.

II. That if the relationship did disqualify him, the parties to the suit are the only parties who can raise the objection; that the witness has no right to raise it, and no right to refuse to testify on that ground.

Had the defendant jurisdiction to take the plaintiff's deposition in the case, and to adjudge him guilty of contempt in refusing to be sworn and to testify, and to sentence him to pay a fine therefor, and cause him to be imprisoned in execution of the sentence?

Whether a justice of the peace, in taking a deposition, acts ministerially or judicially, the authorities do not agree. In this state, in *Cooper* v. *Bakeman*, 33 Maine, 376, 379, there is a dictum of Shepley, C. J., that "justices of the peace in taking depositions, act in a ministerial, and not in a judicial capacity." The question was before the court in Massachusetts, in *Chandler* v. *Brainard*, 14 Pick. 285, but was not decided. It was passed with the fol-

lowing remark: "On the one side it is said, that the act of the magistrate, in taking a deposition, is of a judicial character; on the other, that it is ministerial. However this may be, it is certain that he exercises a great deal of discretion, particularly where the witness is illiterate and uninformed." In a well considered case, *Whicher* v. *Whicher*, 11 N. H. 348, it is decided that a justice of the peace, in taking a deposition, acts in a judicial capacity. We think it clear that many of the duties of a justice of the peace in taking depositions, under R. S., c. 107, are judicial in their character, involving a determination of both law and fact; such as determining whether the adverse party has been duly notified; whether the alleged cause for taking the deposition exists; what shall be written as the evidence of the witness, especially if the witness is illiterate and gives his evidence incoherently; whether the witness shall be compelled to answer a question which he claims to be exempted from answering, on the ground that the answer would criminate himself; and if the deposition is written by a person other than the justice or deponent, whether such person is disinterested within the meaning of the law; and especially if the witness does not appear, or refuses to be sworn and testify, to determine whether he has been legally summoned, and had his fees paid or tendered, and to issue a capias and cause the witness to be brought before him, and punish him for contempt by fine, and commit him to jail in default of payment. But whether the defendant acted in a judicial or ministerial capacity, his jurisdiction must be determined by the statutes applicable to the subject.

R. S., c. 107, § 2, is as follows: "a justice of the peace or notary public may take depositions to be used in a pending cause, in which he is not interested, nor then nor previously counsel." Is a relationship within the sixth degree, to one of the parties, an interest in the cause, within the meaning of this statute? We think it is. R. S., c. 1, § 4, clause xxii, provides that "when a person is required to be disinterested in a matter in which other persons are interested, a relationship to either of such persons by consanguinity or affinity within the sixth degree according to the rules of the civil law, or within the degree of second cousins inclusive, except by the written consent of the parties, will disqualify." The justice

is required to be disinterested in the cause in which the deposition is to be used. The cause is "a matter in which other persons are interested." The case is within the letter or spirit of the rule. If there can be any doubt about the meaning of the statute, the construction which we have given it, is supported by § 13, c. 107, which provides that "the deposition shall be written by the justice or notary, or by the deponent or some disinterested person, in the presence and under the direction of such justice or notary." By this section, if the deposition is written by a person other than the justice or notary, or deponent, he must be a disinterested person, not disinterested in the cause, but disinterested generally. If related to one of the parties within the sixth degree he is not disinterested, and would not be qualified to write the disposition. But it cannot be supposed that the legislature intended to disqualify a justice to write a deposition if taken before another justice or notary, and make him competent to take the deposition himself under the same state of facts.

The counsel for the defendant cites and relies on *Chandler* v. *Brainard*, 14 Pick. 285, before cited. In that case the court decided that the justice, who was a son-in-law of one of the plaintiffs, was not disqualified to take the deposition under statute of 1797, c. 35, § 1, which provided that a deposition "may be taken before any justice of the peace, not being of counsel or attorney to either party, or interested in the event of the cause." Massachusetts had no statute rule of construction applicable to the case; and the court held that, at common law, "interested in the event of the cause" meant a pecuniary interest which would disqualify one from being a witness. The same question, whether relationship disqualified, was before the court, in that state, again in *Culver* v. *Benedict*, 13 Gray, 7, but not decided, the court holding that as the defendant to whom the justice was related was not a party in interest, but made a party in a bill in equity as a stake-holder only, the justice was not disqualified.

In *Bean* v. *Quimby*, 5 N. H. 94, it was held that an uncle to one of the parties to the suit was disqualified to act as a justice in taking a deposition.

We could not give to the statute a construction which would

authorize the father to take a deposition at the request of the son, in a suit in which the son was a party, or the husband to take a deposition at the request of the wife, in a suit in which she was a party, unless the language was so clear as to admit of no other meaning. The language of the statute requires no such construction.

Failing in his first ground of justification, can the defendant justify on the second ground relied upon, that the plaintiff had no right to raise the question of relationship as a disqualification of the defendant to act in the premises ? The real question is not whether the plaintiff has a right to raise the objection of relationship, but whether the defendant makes out his justification. He attempts to justify the arrest and imprisonment of the plaintiff. The burden is on him to show his jurisdiction. If he was disqualified to take the deposition he had no jurisdiction over the plaintiff and had no authority to determine that he had been legally summoned to appear before him to give his deposition in the cause, and to issue a capias and cause him to be arrested and brought before him to testify. He had no jurisdiction to adjudge the plaintiff guilty of contempt, and to sentence him to pay a fine therefor. There cannot be in law a contempt of the authority of a magistrate in a case in which he has no jurisdiction to act. The defendant, being disqualified to act in taking the deposition, was acting illegally and has no justification for the arrest and imprisonment of the plaintiff. *Clarke* v. *May*, 2 Gray, 410. *Piper* v. *Pearson*, 2 Gray, 120. *Exceptions sustained.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.